No. 8789

COURT OF APPEAL

PARISH OF ORLEANS

CHARLES DENNERY

versus

ZOROASTER W. HYVER.

Court of Appeal
PARISH OF ORLEANS
FILED

129

Dinkelspiel; J.

Plaintiff alleges he sold and delivered to defendant goods and merchandise which is set forth in the itemized account annexed to petition, claiming a balance due of $115.15.

Defendant first filed an exception, alleging that citation in this case was not served on him in person, but was left at the place where he works, handed to someone else. Subsequently, reserving the benefit of the exception, answers that the amount due was for goods sold to his son, a minor, and that he alone dealt with plaintiff and that defendant was not responsible.

The testimony in this case is conflicting, but it proves that the defendant was in charge of and had sole control of the business both in Chartres Street and subsequently Urseline; the business carried on was a confectionery and bakery shop. Plaintiff's witnesses prove that on several occassions the defendant called at their store, ordered some goods there, whilst his son ordered other goods; the goods were delivered both at the Chartres Street shop and at Urseline Street; the driver of plaintiff's wagon who delivered these goods swears to their delivery at times stated, and he frequently saw the defendant in the shop together with his daughter and minor son; that when the receipts for the goods were given he paid no further attention to the matter. It also appears that defendant acknowledged the indebtedness from time to time, at other times claiming that the goods were sold to his son and that he was not responsible. Be that as it may, the subsequent actions show that the business in its entirity was sold by the defendant to a Mr. Johas for the sum of $850.00, $350.00 of which was in cash and the balance $600.00 to be paid at a specified time; it was not paid and the defendant brought suit against Johas for the difference, in the Civil District Court and there judgment was given to defendant against Johas for the balance due $600.00. Besides this, on

March 7th, 1923, when defendant was pressed for payments both by plaintiff and his counsel he wrote a letter:

"I am advised by my attorneys and compelled to at present to make application to the U. S. Court for a petition in bankruptcy unless Geo. Jonas makes some arrangement in this matter within the next five days; otherwise I am compelled to file petition within the next ten days; then Mr. Jonas will have to settle this case with the Referee in Bankruptcy. Hoping that something is done to prevent this going any further I remain.

Z. V. Hyver."

Therefore from all the evidence and surrounding circumstances in this case, we are of the opinion that defendant is liable under the suit being against him and not against his son, and plaintiff having fully made out his case. The Judge of the Court a quo/who saw and heard all the witnesses in this case and was in a better position to judge of the truthfulness of this matter than we are. His judgment was in favor of plaintiff and we concur therein.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court a quo be and the same is hereby affirmed, costs of both Courts to be paid by the defendant.

—Judgment affirmed—